UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISON

CASE NO:

WILBER REYES,

    Plaintiff,

vs.

AROMAS DEL PERU OF WEST MIAMI CORP.,
MARITA I. ASTETE, in her individual capacity;
SEAFOOD ON THE TABLE, INC., and,
CARLOS VIDAL, in his individual capacity,

    Defendants.

_____/

## ORIGINAL COMPLAINT

Plaintiff, WILBER REYES, by and through the undersigned counsel, hereby files this Complaint against Defendants, AROMAS DEL PERU OF WEST MIAMI CORP. ("AROMAS"); MARITA I. ASTETE ("ASTETE"); SEAFOOD ON THE TABLE, INC. ("SEAFOOD"); and CARLOS M. VIDAL ("VIDAL"), and states as follows:

### JURISDICTION AND VENUE

1. This action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-216, and this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

2. Plaintiff was a resident of Broward County, Florida at the time the dispute arose, is over the age of eighteen (18), and is otherwise *sui juris*.

3. Defendant AROMAS is a Florida Corporation that regularly transacts business in Miami-Dade County, and is doing business in Miami-Dade County, Florida.

4. Defendant AROMAS was one of Plaintiff's FLSA employers during Plaintiff's

period of employment, which is the subject of this lawsuit.

5. Defendant ASTETE is, and at all material times, held herself out to be the owner and CEO of AROMAS, who exercised control over significant aspects of the company's day-today functions, including firing Plaintiff.

6. Defendant SEAFOOD is a Florida Corporation that regularly transacts business in Miami-Dade County, and is doing business in Miami-Dade County, Florida.

7. Defendant SEAFOOD also operates inside the AROMAS restaurant and was one

of Plaintiff's FLSA employers during the relevant period, specifically from January 14, 2019, through January 12, 2020.

8. Defendant VIDAL is, and at all material times, held himself out to be the owner and president of SEAFOOD, who exercised control over significant aspects of the company's day to-day functions.

9. Venue is proper in this Court as the events giving rise to this action arose in Miami-Dade County, Florida.

10. All conditions precedent to maintaining this action have been satisfied, excused, or waived.

## GENERAL ALLEGATIONS

11. Plaintiff was employed by Defendant AROMAS as a head cook from 2009 through February 17, 2021. From January 14, 2019, through January 12, 2020, however, Plaintiff was employed by SEAFOOD, who paid Plaintiff, even though Plaintiff worked inside the same AROMAS restaurant.

12. As a head cook, Plaintiff was required to use tools, materials, and foods obtained from local, national, and international sources to prepare and serve meals that were purchased by customers who were local, national, and international residents.

13. The corporate Defendants, AROMAS and SEAFOOD, are Florida corporations, which at all material times, were and are engaged in interstate commerce.

14. Under 29 U.S.C. § 207(a)(1), an Employer is required to pay time-and-a-half overtime wages for every hour worked in excess of forty (40) hours in a workweek.

15. Defendants AROMAS and SEAFOOD failed to pay Plaintiff his overtime wages for every hour that Plaintiff worked in excess of forty hours in a workweek.

16. Defendants AROMAS and SEAFOOD willfully failed to compensate Plaintiff for all hours worked, including the hours Plaintiff worked in excess of 40 hours per week at the appropriate rate.

17. Defendant AROMAS denied significant wages to Plaintiff.

18. Defendant ASTETE, as the individual officer and/or supervisor of Aromas del Peru and denied it significant wages to Plaintiff.

19. Defendant SEAFOOD denied significant wages to Plaintiff.

20. Defendant VIDAL as the individual officer and/or supervisor of SEAFOOD and denied it significant wages to Plaintiff.

## COUNT I:
## FEDERAL OVERTIME WAGE VIOLATION UNDER 29 U.S.C. §§ 201 - 216
**(Against all Defendants)**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendants are in the restaurant business and were and are engaged in interstate commerce.

23. Defendants' business, and the Plaintiff's work for Defendants affected interstate commerce for the relevant period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by Defendants to use on the job moved through interstate commerce. Plaintiff's work for Defendants was in and/or so closely

related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendants.

24. Defendant SEAFOOD was Plaintiff's employer from January 14, 2019, through January 12, 2020.

25. Defendant SEAFOOD is its own corporate entity that works through AROMAS.

26. Defendant SEAFOOD's business is so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendant SEAFOOD.

27. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did, thus making Defendants' AROMAS and SEAFOOD business enterprises covered under the FLSA.

28. The FLSA applies to Defendants' business activities.

29. Defendants are liable for overtime pay for the entire period of Plaintiff's employment with Defendants, AROMAS and SEAFOOD, or as much as allowed by the FLSA.

30. Upon information and belief, the Defendant AROMAS, had gross sales or business done in excess of $500,000 annually for the years 2018, 2019, and 2020 and likely will have gross sales in excess of $500,000 for the year 2021.

31. Upon information and belief, the Defendant SEAFOOD had gross sales or business done in excess of $500,000 annually for the years 2018, 2019, and 2020 and likely will have gross sales in excess of $500,000 for the year 2021.

32. Plaintiff worked more than 40 hours per week throughout his employment with Defendants.

33. On average, Plaintiff worked for Defendant 13.5 hours per day, for five days per week.

34. Put another way, Plaintiff worked approximately 67.5 hours per week for Defendants.

35. Defendants, however, paid Plaintiff $200 per day (also known as "day rate" pay), regardless of how many hours Plaintiff worked in a day or in a week.

36. Plaintiff was not paid overtime for the hours that exceeded 40 hours per week.

37. Accordingly, Plaintiff is owed half-time for all hours he worked over 40 each week, as required by the FLSA.

38. Defendant ASTETE is personally liable for overtime pay for the entire period of Plaintiff's employment with Defendant, AROMAS, or as much as allowed by the FLSA.

39. The calculation for what Plaintiff is owed for half-time hours by Defendants AROMAS and ASTETE is as follows:

$200 per day/13.5 hours per day = **$14.82 effective hourly rate**

5 days per week at 13.5 hours per day = **67.5 hours per week**

67.5 hours per week - 40 = **27.5 overtime hours**

$14.82 effective hourly rate/2 = **$7.41 half-time rate**

$7.41 x 27.5 hours = **$203.78 per week overtime damages**

$203.78 x 104 weeks = **$21,193.12 unpaid overtime**

$21,193.12 x 2 (liquidated or double damages) = **$42,386.24**

40. Defendant VIDAL is personally liable for overtime pay for the entire period of Plaintiff's employment with Defendant, SEAFOOD, or as much as allowed by the FLSA.

41. The calculation for what Plaintiff is owed for half-time hours by Defendants SEAFOOD and VIDAL is as follows:

$200 per day/13.5 hours per day = $14.82 effective hourly rate

5 days per week at 13.5 hours per day = **67.5 hours per week**

       67.5 hours per week - 40 = **27.5 overtime hours**

       $14.82 effective hourly rate/2 = **$7.41/hour**

       $7.41 x 27.5 hours = **$203.78 per week overtime damages**

       $203.78 x 52 weeks = **$10,596.56 unpaid overtime**

       $10,596.56 x 2 (liquidated double damages) = **$21,193.12**

42. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by FLSA since Defendant knew of the FLSA overtime requirements but nevertheless refused to pay Plaintiff overtime wages. Defendants owe Plaintiff these wages as of the commencement of Plaintiff's employment with Defendants through Plaintiff's termination date of February 17, 2021.

43. Defendants' employment practices described above resulted in Plaintiff not receiving appropriate compensation in willful violation of Plaintiff's rights secured by the FLSA, 29 U.S.C. § 201 et seq.

    WHEREFORE, Plaintiff respectfully demands judgment against Defendants, AROMAS DEL PERU OF WEST MIAMI CORP, MARITA I. ASTETE, SEAFOOD ON THE TABLE, INC., and CARLOS VIDAL for unpaid overtime wages, liquidated damages, interest, court costs, and reasonable attorneys' fees as authorized under the Fair Labor Standards Act, 29 U.S.C.S. § 216(b) and any other applicable authority, along with all further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**DATED:** February 8, 2022

**COANE AND ASSOCIATES, PLLC**

By: \_\_\_/s/ Jeffrey W. Fedna\_\_\_
**Jeffrey Fedna**
Florida Bar No. 1024070
Email: Jeffrey.Fedna@Coane.com

**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296
*ATTORNEYS FOR PLAINTIFF*